**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENJUN TONG, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-74015 <br><br> Agency No. A088-290-938 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2016[**]
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,[***] District Judge.

Petitioner Wenjun Tong, a Chinese citizen, seeks review of the Board of

Immigration Appeals's ("BIA") final order of removal affirming the immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

judge's ("IJ") denial of his request for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  On appeal, Tong argues that the BIA erred in finding that Tong was not targeted on account of a protected ground and did not suffer past persecution.  We have jurisdiction under 8 U.S.C. § 1252, and we DENY the petition for review.

We note first that Tong does not appear to contest the BIA's decision regarding his withholding of removal and CAT claims.  Because Tong failed to raise any argument in his opening brief regarding either his withholding of removal claim or his CAT claim, these claims have been waived and we do not address them.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (failure to raise an issue in an opening brief constitutes waiver).

Regarding Tong's asylum claim, we review legal questions de novo, and the BIA's factual findings for substantial evidence.  *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015).  Substantial evidence supports the BIA's conclusion that Tong did not suffer past persecution on account of a protected ground.

First, Tong cannot demonstrate a nexus to a protected ground, because he has not shown that he was targeted for arrest by Chinese police for expressing a political opinion, rather than for legitimate law enforcement purposes.  Police conduct, even where heavy-handed, does not necessarily constitute "persecution" if

2

the police are engaged in legitimate investigative or peace-keeping activities. *See, e.g.*, *Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (finding no persecution where the petitioner testified that Chinese authorities sought him because he assisted a Falun Gong fugitive in violation of Chinese law, and where the petitioner "did not provide any evidence that Chinese authorities would act in such an 'extreme' way as to rise to the level of persecution"); *Donchev v. Mukasey*, 553 F.3d 1206, 1214–15 (9th Cir. 2009) (finding no persecution where petitioner encountered police "when they were investigating crimes or maintaining the peace" and where "any escalation during these encounters were caused by [the petitioner's] friends challenging police authority"). Tong testified that the protesters "fought back" when the police tried to disperse the crowd, and Tong himself was not arrested until he physically interacted with an officer using his protest sign. Once the protest turned violent, the police had legitimate investigative and peace-keeping reasons for arresting and interrogating those involved in the fight, including Tong. Tong has not shown that the police attributed any particular opinion to him. *Cf. Hu v. Holder*, 652 F.3d 1011, 1014, 1017–18 (9th Cir. 2011) (finding nexus to a protected ground where the petitioner was arrested for participating in a protest and accused of having political opinions adverse to the Chinese government and the Communist Party).

Even assuming that Tong could establish a nexus to a protected ground, the treatment he suffered does not rise to the level of persecution. Persecution is an "extreme concept," *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006), and "does not include every sort of treatment our society regards as offensive," *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009). Tong was detained for a week and beaten twice, but did not sustain serious injury. Although Tong sought medical treatment from a small local hospital after he was released from custody, he required only minimal treatment: he was simply given antibiotic medication and ointments. *See, e.g.*, *Gu* 454 F.3d at 1020 (finding no persecution where petitioner was detained and beaten on one occasion, interrogated for two hours, did not require medical treatment, and did not suffer adverse employment consequences); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (finding no persecution where petitioner was arrested once, hit in the stomach and kicked, and interrogated for six hours about his political allegiances).

Because Tong failed to establish past persecution, the BIA correctly found that he is not entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). With regard to Tong's fear that the police will come looking for him if he returns to China, substantial evidence supports the BIA's

4

finding that Tong failed to establish that the government's interest in him would be for anything other than legitimate law enforcement purposes.

The petition for review is DENIED.

5